**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dulton Earl JOHNSON, Defendant–**
**Appellant.**

**No. 14–30247.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2015.*

Filed Oct. 20, 2015.

Michael J. Fica, Assistant U.S., Office of the U.S. Attorney, Pocatello, ID, for Plaintiff–Appellee.

Matthew Kinghorn, Assistant Federal Public Defender, Federal Defenders Eastern Washington and Idaho, Pocatello, ID, for Defendant–Appellant.

Before: SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM ***

Dulton Earl Johnson appeals from the district court's judgment and challenges the 70–month sentence imposed following his guilty-plea conviction for assault resulting in serious bodily injury committed within Indian Country, in violation of 18 U.S.C. §§ 113(a)(6) and 1153. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Johnson contends that the district court procedurally erred by failing to consider the 18 U.S.C. § 3553(a) sentencing factors adequately and address his argument for a within-Guidelines sentence. We review for plain error, *see United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court considered Johnson's arguments and thoroughly explained its reasons for imposing the above-Guidelines sentence. *See United States v. Carty,* 520 F.3d 984, 992 (9th Cir.2008) (en banc).

Johnson next contends that the sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Johnson's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The above-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including the troubling nature of the offense. *See Gall,* 552 U.S. at 51, 128 S.Ct. 586.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.